**CROWN OVERALL MFG. CO. v. CHAHIN et al.**

Civ. A. No. 738.

United States District Court
W. D. Texas, El Paso Division.

April 23, 1951.

Frank Zugelter, Cincinnati, Ohio, Frank H. Hunter, El Paso, Tex., for plaintiff.

Thornton Hardie, Richard H. Feuille, El Paso, Tex., for defendant.

THOMASON, District Judge.

The plaintiff, Crown Overall Manufacturing Company, filed its bill of complaint against the defendant, Elias G. Chahin, alleging that it owns and has used continuously for many years the trade-marks Headies and Headlight on its wearing apparel comprising pants, shirts and overalls, and that the defendant long since the registration by plaintiff of its trade-marks began the production and sale of overalls and work clothes bearing the trade-mark Headall, and for several years, and now, sells same in several southwestern States. The plaintiff pleads infringement of its trade-marks on goods of the same descriptive properties and that it is entitled to an injunction and accounting for damages. The defendant denies any deceit, fraud or confusion and that the use by him of the word Headall does not constitute unfair or unlawful competition.

The court finds for the defendant and files the following findings of fact and conclusions of law:

### Findings of Fact

#### I.

The plaintiff has continuously used the trade-marks Headies and Headlight on its wearing apparel comprising pants, shirts, and overalls, distributed and sold in the States of Texas, Arizona, California, Colorado and New Mexico, prior to any use by the defendant of the trade-mark Headall upon the same or similar products.

#### II.

. The plaintiff's trade-marks Headies and Headlight are technical trade-marks and are registered as such in the United States Patent Office, and which registrations are No. 48,481 of January 2, 1906; No. 59,-406 of January 8, 1907; No. 60,032 of January 22, 1907 and No. 425,825 of December 3, 1946.

#### III.

The plaintiff is the owner of the trade-marks Headies and Headlight for garments, and it is the owner of registrations issued by the United States Patent Office for those trade-marks.

#### IV.

The plaintiff is the owner of the common law rights in and to the trade-marks Headies and Headlight in the States of Texas, Arizona, California, Colorado and New Mexico.

#### V.

The plaintiff's trade-marks Headies and Headlight have been continuously advertised and sold throughout the United States, beginning many years before defendant's first use of Headall as a trade-mark, and plaintiff's advertising of its goods bearing said marks has been accomplished at an expense of many thousands of dollars.

#### VI.

The defendant has not advertised his Headall brand garments.

#### VII.

Beginning in 1935, the defendant has sold Headall marked garments in Texas, Arizona, California, Colorado and New Mexico.

#### VIII.

The goods to which the plaintiff applies its trade-marks Headies and Headlight, and the goods to which the defendant applies the mark Headall, are goods of the same descriptive properties.

### IX.

The dominant feature or characteristic and distinguishing feature of both the trade-marks Headlight and Headies as used in the trade and on plaintiff's garments is the distinctive "railroad engine-headlight beam feature" of those two trade-marks.

### X.

It is this distinctive "railroad engine-headlight beam feature" with the word Headlight or Headies superimposed on the headlight beam which appeals to the eye and makes a lasting impression on a person's memory and distinguishes and characterizes these two trade-marks.

### XI.

The only difference between the Headies trade-mark and the Headlight trade-mark as used in the trade is that the Headies trade-mark has the word Headies superimposed on the "headlight beam" instead of the word Headlight. Otherwise, the two marks are identical in all respects and the distinctive "railroad engine-headlight beam feature" is the dominant feature of the Headies trade-mark, also.

### XII.

As used in the trade and on his products, defendant's trade-mark Headall, has no such distinguishing feature or any similar feature whatsoever.

### XIII.

Defendant made no attempt to imitate or copy the "railroad engine-headlight beam feature" of plaintiff's trade-marks or to adopt any similar feature.

### XIV.

The only similarity between plaintiff's trade-marks and defendant's is that they all begin with the word "Head".

### XV.

The endings of the trade-marks are entirely dissimilar.

### XVI.

There is no confusing similarity between the endings of these trade-marks.

### XVII.

The style and shape of printing and arrangement of words in plaintiff's trade-marks as used in the trade are entirely dissimilar from the style and shape of printing and the arrangement of the words in defendant's trade-mark as used in the trade.

### XVIII.

Plaintiff's trade-marks are not properly dissectible, but are composite marks which include the distinctive "headlight beam" feature and which so taken all together constitute a symbol which connotes a "headlight" or "headlight beam".

### XIX.

The public has never actually been deceived between the trade-mark Headall and the trade-marks Headlight and Headies.

### XX.

The resemblance between the marks is not sufficiently close as to deceive purchasers or to cause the goods of defendant to be passed off as those of plaintiff.

### XXI.

The defendant's trade-mark is not so similar to plaintiff's trade-marks that on its face it is calculated to result in confusion or probably to result in confusion.

### XXII.

The trade-mark Headall is not confusingly similar to the trade-marks Headlight and/or Headies as a trade-mark for clothing of the same descriptive properties.

### Conclusions of Law.

### I.

The trade-mark Headall does not infringe upon the trade-marks Headlight and Headies.

### II.

The trademark Headall is not confusingly similar to the trade-marks Headlight and Headies as a trade-mark for clothing.

III.

 The defendant is not guilty of unfair competition.

IV.

The defendant has not infringed upon any trade-mark rights of plaintiff.